IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIE WILLIAMS, # 12-0089,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 12-cv-1208-JPG |
| ) | |
| **DANON DAMONA-CUFF,** ) | |
| **NORVELL MEADORS, S. TEAGUE** ) | |
| **TIMOTHY BROWN, JEFFREY FARRIS,** ) | |
| **TIMOTHY CAPPS,** ) | |
| **and MICHAEL E. ALTHOFF,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, who is currently a pretrial detainee at the Tri-County Justice Center ("Tri-County"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming that he has been subjected to excessive force as well as other indignities. Plaintiff submitted separate civil rights complaint forms for each Defendant, and these have been combined by the Clerk into one civil complaint (Doc. 1).

More specifically, Plaintiff claims that he has been medicated against his wishes and his Muslim beliefs, by order of the Illinois Circuit Court in his pending criminal prosecution. Defendant Althoff (a psychologist) evaluated him, and his case was delayed because of the court-ordered psychological assessments (Doc. 1, p. 5). He asserts that Defendants Capps (Plaintiff's defense attorney), Brown (sheriff), Farris (prosecutor), and Althoff have conspired together to keep him sedated (Doc. 1, p. 9). Plaintiff has asked the state court to dismiss Defendant Capps as his counsel, but this request has not been granted. Defendant Capps has

failed to file available evidence in his case that would lead to the dismissal of the charges against Plaintiff (Doc. 1, p. 13).

Defendants Meadors (Captain and former Warden) and Teague (Lieutenant) sprayed Plaintiff with mace on many occasions, left him in his cell naked for extended periods of time, and videotaped him nude (Doc. 1, pp. 6-7, 11). Defendant Teague acted at the direction of Defendants Meadors and Damona-Cuff, and used other correctional officers to physically assault Plaintiff. She also removed all personal property from his cell. Plaintiff was not allowed to wash off the mace or obtain a medical checkup after being sprayed (Doc. 1, p. 7). Plaintiff claims that these actions have occurred repeatedly over a two-year period. Defendants Farris, Capps, and Brown have failed to stop this abuse (Doc. 1, p. 10).

He further complains that he has been denied all medical care for eight months, during which he suffered from severe headaches, weight loss, and hair loss (Doc. 1, p. 11). The facility has no law library or general reading material. Finally, Plaintiff's confidential legal mail is not "respected." *Id.*

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Meadors, Teague, and Damona-Cuff for excessive force (Count 1) and deliberate indifference to medical needs (Count 2). However, Defendants Farris, Capps, and Brown, who have no connection to Tri-County, cannot be held liable to Plaintiff for any violations of his rights that may have occurred at Tri-County merely because Plaintiff complained to them. Further, Plaintiff's remaining allegations fail to state a claim upon which relief may be granted, and shall be dismissed.

Most of Plaintiff's claims against Defendants Brown, Farris, Capps, and Althoff (Count

3) concern Plaintiff's dissatisfaction with their handling of his pending criminal case. As a rule, a federal court shall not intervene in a pending state criminal prosecution. *See Younger v. Harris*, 401 U.S. 37, 54 (1971) (state prosecution may be enjoined only on a "showing of bad faith, harassment, or any other unusual circumstances that call for equitable relief"); *Arkebauer v. Kiley,* 985 F.2d 1351, 1358 (7th Cir. 1993); *Collins v. County of Kendall, Ill.,* 807 F.2d 95, 98 (7th Cir. 1986), *cert. denied*, 483 U.S. 1005 (1987). No such circumstances are presented here. The issues of Plaintiff's psychological evaluation, medication, and fitness to stand trial on his pending criminal case are matters for the state court to determine in its sound discretion. *See Nelson v. Murphy*, 44 F.3d 497, 502 (7th Cir. 1995) (under *Younger* abstention doctrine, plaintiffs confined in mental health treatment center after being adjudicated not guilty by reason of insanity (NGRI) could not maintain § 1983 action challenging "conditions of confinement that are actively supervised by state courts," but must bring complaints regarding their treatment plan in state court (citing *Younger v. Harris,* 401 U.S. 37 (1971))); *see also Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002). Because the issues of Plaintiff's fitness and his appropriate treatment are the subjects of an ongoing state court case, it would be improper for this Court to insert itself into that pending state matter, even if Plaintiff's allegations stated a constitutional claim. Plaintiff will have the opportunity to raise any errors regarding his psychological treatment or the quality of his representation in the trial court, as well as in an appeal or state post-conviction proceeding. Count 3 and Defendants Brown, Farris, Capps, and Althoff shall be dismissed without prejudice.

Plaintiff likewise states no constitutional claim for being videotaped while naked in his cell (Count 4). Prisoners do not have a reasonable expectation of privacy in their cells. *Hudson v. Palmer*, 468 U.S. 517, 525-30 (1984). Further, the Seventh Circuit has held that female

guards can monitor male detainees who are in the shower or on the toilet, *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995), and prison officials do not need any particularized suspicion of wrongdoing before conducting a strip search. *Peckham v. Wisc. Dep't of Corr.*, 141 F.3d 694, 695 (7th Cir. 1998). Detainees do not have the right to be free from reasonable surveillance. *See, e.g., Demery v. Arpaio*, 378 F.3d 1020, 1030 (9th Cir. 2004) (noting that detention necessarily involves being observed by staff, but holding that broadcasting surveillance camera footage on the internet amounted to unconstitutional punishment of detainees). If guards can monitor naked inmates at any time, they can also use video cameras to monitor the inmates or record them for review at a later time. At least one other district court in our circuit has held repeatedly that prisons may use cameras to view and record inmates in the shower area. *See, e.g., Viramontes-Ramirez v. Widup*, Case No. 07-cv-0333 PS, 2007 WL 4438625, at *2 (N.D. Ind. Dec. 13, 2007). Accordingly, Count 4 shall be dismissed for failure to state a claim upon which relief may be granted.

Similarly, Plaintiff's allegations (collectively designated as Count 5) regarding personal property, library access, and legal mail fail to state any claim. It is not clear whether the removal of Plaintiff's property from his cell resulted in a permanent deprivation of those items. Even if it did, he would only have a Fourteenth Amendment due process claim if he can show a deprivation of property *without due process of law*. If the state provides an adequate remedy for a taking of property, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL.

COMP. STAT. 505/8 (1995).

Plaintiff's right to access law library materials is derived from his constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). In the instant case, however, Plaintiff does not make a single allegation which would describe an actual or potential limitation on his access to the courts, which is an essential element of a § 1983 action. *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021-22 (7th Cir. 1987). Further, he has succeeded in filing this action and a memorandum of law citing numerous authorities in support of his claims (Doc. 6).

An inmate's legal mail is entitled to greater protections than regular mail because of the potential for interference with his right of access to the courts. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 305-06 (7th Cir.1993). Plaintiff's brief statement that outgoing legal mail is opened, however, does not give enough information to indicate that the problem is frequent or serious enough to support a constitutional violation. Nor does he identify which jail official(s) are responsible. These claims shall be dismissed without prejudice.

**Pending Motion**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be **REFERRED** to United States Magistrate Judge Frazier for further consideration.

**Disposition**

**COUNTS 3, 4, and 5** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **BROWN, FARRIS, CAPPS,** and **ALTHOFF** are **DISMISSED** from this action **without prejudice**.

The Clerk of Court shall prepare for Defendants **DAMONA-CUFF, MEADORS,** and

**TEAGUE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate

Judge **Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: January 22, 2013**

                                                           s/ J. Phil Gilbert
                                                           **J. PHIL GILBERT**
                                                           **United States District Judge**