## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIE WILLIAMS,                    )
                                    )
    Plaintiff,                  )
                                    )
    v.                          )          **Case No. 3:12-1208-SMY-PMF**
                                    )
DANON DAMONA-CUFF, et al.,          )
                                    )
    Defendants.                 )

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This matter is before the Court on a motion for summary judgment filed by defendants Damona-Cuff, Meadors, and Teague (Doc. 59).   The motion is opposed (Doc. No. 65).   The defendants seek judgment in their favor, claiming there is insufficient evidence to support Williams' claims that the conditions he experienced at the Tri-County Justice Center violated due process rights protected by the Fourteenth Amendment.

Summary judgment will be entered if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  *Celotex Corp. v. Catrett*, 477 U.S. 317 1986).  The facts and all reasonable inferences are drawn in favor of the nonmoving party.  *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).  The defendants can satisfy their burden by showing to the Court that there is no evidence to support a claim for relief.  *Celotex*, 477 U.S. at 325.

Events giving rise to plaintiff's complaint occurred while he was a pretrial detainee at the Tri-County Justice Center.  The complaint comprises two primary claims. He alleges that he was subjected to excessive force by being sprayed with Mace on approximately 20 separate occasions (Count 1).  He also claims the defendants responded

with deliberate indifference to his medical needs for a period of 8 months, during which time he suffered from headaches, weight loss and hair loss (Count 2).

Pretrial detainees are protected under the Due Process Clause of the Fourteenth Amendment, which prohibits the State from imposing punishment prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 & n. 16 (1979).  The Fourteenth Amendment standard is practically equivalent to the Eighth Amendment standard.  *Rice ex rel. Rice, v. Corr. Med. Services*, 675 F.3d 650, 664 (7th Cir. 2012)(the Court looks to traditional Eighth Amendment law to address the claims of pretrial detainees).  With respect to Count 1, the Court considers whether plaintiff can present evidence demonstrating that the defendants used force in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. *Id.*, at 668.  Factors considered include whether the defendants perceived a threat to their safety and the safety of others, whether there was a genuine need for force, whether the force used matched the need, the extent of any injury, and the efforts – if any – to temper the severity of the response.  *Id.*  As to Count 2, the Court considers whether Williams can present evidence demonstrating that he suffered an objectively serious medical need and if so, whether the defendants had subjective knowledge of a serious medical need and consciously disregarded the risk of harm.  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

**Count 1**.  Reportedly, plaintiff testified in his deposition that chemical spray (Mace) was used on him approximately 20 times.  The transcript of plaintiff's deposition testimony has not been submitted as an exhibit.  Defendant Damona-Cuff presents an affidavit denying that he sprayed mace on Williams since June, 2011.  Defendant

Meadors presents an affidavit denying that he ever sprayed plaintiff with mace. Defendant Teague has sworn that she used mace only after plaintiff refused to comply with direct orders.  Williams responds with multiple affidavits, suggesting that mace was used when force was not needed.  These exhibits reveal factual disputes which cannot be resolved on summary judgment.  If mace was used against plaintiff as he claims under oath, the frequency and particular circumstances, including any defendants' subjective state of mind, would be called into consideration.  Summary judgment is not appropriate on Count 1.

**Count 2**.  The defendants suggest that plaintiff was asked to describe his complaints and injuries during his deposition, and did not mention that he suffered a serious medical condition or that the condition was ignored by the defendants.  A transcript of plaintiff's deposition testimony was not submitted as an exhibit.  Even so, plaintiff's own documents show that he received medical care during his detention at Tri-County.  In particular, plaintiff was seen in sick call numerous times and different types of liquid pain medications were offered or provided to treat symptoms of headaches.  The level of care may not have been what Williams deems appropriate and the timing may not have been as quick as desired (curiously, prisoners frequently deem themselves to be competent medical experts).  Neither of those circumstances save the day for Williams. He has not come forward with competent evidence suggesting that he suffered a serious medical need or an objective risk of serious harm during his pretrial detention.

Additionally, plaintiff offers no evidence that defendant Teague personally participated in any deprivation of medical care.  This is, of course, a prerequisite to

liability under 42 U.S.C. § 1983.  *Vance v. Peters*, 97 F.3d 987 (7th Cir. 1996).  Lack of personal involvement precludes a finding of liability against Teague on Count 2.

IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. No. 59) be GRANTED in part and DENIED in part.  The motion should be denied as to Count 1.  At the conclusion of this case, summary judgment should be entered in favor of all defendants on Count 2.

**SUBMITTED: November 4, 2014 .**

**s/Philip M. Frazier**
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**