IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-1208-SMY-PMF |
| ) | |
| DANON DAMONA-CUFF, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

This matter comes before the Court on a Motion for Summary Judgment (Doc. 59) filed by Defendants Acuff (erroneously entered as Damona-Cuff), Meadors and Teague. Plaintiff filed a Response objecting to the Motion with supporting documents (Doc. 65). After a review of all submissions, Magistrate Judge Philip Frazier filed a Report and Recommendation ("Report") (Doc. 70) recommending Defendants' Motion for Summary Judgment be granted as to Plaintiff's claim of deliberate indifference to his medical needs and denied as to Plaintiff's claim of excessive force. Plaintiff objected (Doc. 72). For the following reasons, the Court adopts the Report in its entirety.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

If the moving party is defending the claim at trial, he need not provide evidence affirmatively negating the plaintiff's claim. It is enough that he point to the absence of evidence to support an essential element of the plaintiff's claim for which he carries the burden of proof at trial. *Celotex*, 477 U.S. at 322-23, 325. Where the defendant has pointed to a lack of evidence for one of the essential elements of a plaintiff's claim, if the plaintiff fails to provide evidence sufficient to establish that element, there is no genuine issue of material fact. *Celotex*, 477 U.S. at 322-23. However, a "court may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence; it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Reid v. Neighborhood Assistance Corp. of America,* 749 F.3d 581, 586 (7th Cir.2014) (*quoting Abdullahi v. City of Madison,* 423 F.3d 763, 769 (7th Cir.2005)).

Plaintiff's Complaint (Doc. 1) alleges he was subjected to various acts of excessive force and malicious acts by Defendants in violation of the Eight Amendment's prohibition of cruel and unusual punishment. In particular, Plaintiff alleges Defendants repeatedly abused him and

2

unnecessarily sprayed him with mace. Plaintiff alleges this use of mace was unnecessary and under orders from Defendants Acuff and Meadors.  Plaintiff also claims he was video-recorded nude and ridiculed. Plaintiff states, "Lt. S. Teague has knowingly, deliberately, and intentionally abuse and physically assaulted me for over the last two (2) years and laugh at me threw it all [sic]." Defendants deny these claims (Doc. 24), although Defendant Teague admits to using chemical spray to restore discipline.  All parties have submitted sworn affidavits on the matter.

In the context of prison security, the use of force must be due to a good faith effort to maintain discipline and security.  *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).  If force has been used, a prisoner must show the force was unreasonable and unnecessary to prevail on a claim under the Eighth Amendment. *Id.* at 319.  Two Defendants claim they have never used mace on Plaintiff. Defendant Teague has sworn that she administered a chemical agent to Plaintiff only to restore discipline. Plaintiff claims the use of mace and other abusive acts were repeated and unnecessary. Thus, there exists a genuine issue of material fact on this issue and the Court DENIES Defendants' Motion for Summary Judgment on this count.

Plaintiff's Complaint also alleges Defendants responded with deliberate indifference to his medical needs in violation of the Eighth Amendment. Specifically, he claims he was denied medical treatment for eight months under the order of Defendant Acuff. To prevail on such claims, Plaintiffs must show (1) they suffered an objectively serious medical need and (2) defendants had subjective knowledge of the serious medical need and consciously disregarded the risk of harm.  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

As to the first element, the materials on file fail to suggest that Plaintiff suffered from a serious medical condition.  There is simply no evidence to satisfy this requirement.  Plaintiff claims he suffered from headaches, loss of weight, loss of hair and general loss of health for over two

years.  However, evidence suggests Plaintiff had access to medical care for his headaches and was given medication.  In fact, Plaintiff's Response to Defendants' Motion for Summary Judgment included over fifty pages of medical request forms that include showings of Plaintiff failing to follow proper procedures, not being seen by the doctor due to disruptive behavior and disputing or refusing the prescribed treatment (demanding pills rather than liquid pain relievers).

Even if evidence did suggest a serious medical condition, the materials submitted by Plaintiff show that he received treatment but refused to take the prescribed medication because it was not administered according to his preferences.  A disagreement with prescribed medication does not show substantial departure from accepted professional judgment.  *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012).  There simply is no evidence to support Plaintiff's claim for deliberate indifference to his medical needs under the Eighth Amendment.  The Court therefore GRANTS Defendants' Motion for Summary Judgment on this Count.

**IT IS SO ORDERED.**
**DATED:  January 28, 2015**

 s/  Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**